UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MILICA BARJAKTAROVIC,<br><br>               Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII, ET AL.,<br><br>               Defendants. | CIV. NO. 25-00299 LEK-RT |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT; DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING PLAINTIFF'S MOTIONS AS MOOT**

On July 18, 2025, pro se Plaintiff Milica Barjaktarovic ("Plaintiff") filed the "Complaint for a Civil Case Regarding Judicial Conspiracy in Denying Civil Rights and Due Process, Fraud, Racketeering, Extortion, Organized Crime under Pretense of Law," ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Complaint named the following parties as defendants: the State of Hawai`i ("the State"); the Association of Apartment Owners of Mokuleia Surf ("AOAO"); current and past AOAO board members Lorne Jackson, Joannie Torrio, Rick Yniguez, and Katherine Nezhura; All Community Management ("ACM"); ACM's sole proprietor, Bryn James;

Porter Kiakona Kopper LLP ("PKK");[1] PKK attorneys, Kapono Kiakona, Michael Biechler, Jamie Mariaga, Dallas Walker, and Noele Guerrero; Roeca Luria Shin LLP ("RLS"); RLS attorneys, James Ferguson, James Shin, and Jodie Roeca; Gail Nakatani; Dispute Prevention and Resolution ("DPR"); and Philadelphia Indemnity Insurance ("Philadelphia Indemnity," all collectively "Defendants"). [Complaint at pgs. 4-6.]

On July 23, 2025, Plaintiff filed the "Motion to Disqualify Judge Leslie Kobayashi and Others" ("Recusal Motion"). [Dkt. no. 9.] On July 25, 2025, Plaintiff filed the "Emergency Motion for Preliminary Injunction per Federal Rule of Civil Procedure 65" ("Injunction Motion"). [Dkt. no. 11.] On August 19, 2025, Plaintiff filed the "Urgent Request to Chief Judge Watson to Disqualify Judge Kobayashi and to Issue Emergency Stay in Foreclosure Case 1CCV-23-1047." [Dkt. no. 17.] In light of Plaintiff's pro se status, the Court liberally construes docket number 17 as a second recusal motion and a second preliminary injunction motion. ("Second Recusal and Injunction Motion"). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

---

[1] Plaintiff spells PKK differently throughout the Complaint. For instance, Plaintiff sometimes writes "Porter Kiakona Kopper LLP," see, e.g., Complaint at pg. 5, and other times writes "Porter Kaikona Kopper LLP," see, e.g., id. at pgs. 5, 164. The Court refers to PKK as "Porter Kiakona Kopper LLP."

2

For the reasons set forth below, the Complaint is hereby dismissed without prejudice to the pursuit of the claims that Plaintiff attempted to assert in this action in Barjaktarovic v. State of Hawaii et al., CV 24-00249 LEK-WRP ("CV 24-249"). In light of the dismissal of the Complaint, the Court denies as moot Plaintiff's Application, Recusal Motion, Injunction Motion, and Second Recusal and Injunction Motion.

## BACKGROUND

Plaintiff's Complaint, as best as can be understood, concerns a long-standing disagreement between Plaintiff and various parties concerning modifications Plaintiff made to a condominium unit. See Complaint at pgs. 35, 51-52. This disagreement resulted in several proceedings including one arbitration, several state actions, and, upon the filing of this Complaint, two federal actions.

The first lawsuit stemming from this disagreement commenced in 2020 and was brought by the AOAO against Plaintiff in the Circuit Court of the First Circuit, State of Hawai`i ("circuit court"), challenging modifications Plaintiff had made to her condominium unit ("Modification Lawsuit"). See Complaint at pgs. 35, 85-86; see also Ass'n of Apartment Owners of Mokuleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850

(Hawai`i Cir. Ct.),[2] Final Judgment, filed 11/15/22 (dkt. no. 231) ("Circuit Court Final Judgment").

Between September 2021 and July 2022, the AOAO and Plaintiff engaged in arbitration to resolve the dispute. See Complaint at pgs. 89-103 (describing the arbitration proceedings). The arbitration resulted in an award that was favorable to the AOAO. See Complaint at pg. 89. Plaintiff alleges in this action that the arbitration award was unfair and seeks to reverse it. See id. ("The arbitrator was grossly evidently biased in AOAO's favor and denied due process to [Plaintiff]. . . . This lawsuit includes 7 critical allegations that the arbitrator cut out from [Plaintiff's] revised Counterclaim and critical evidence that the arbitrator refused and/or manipulated." (emphasis omitted)).

The circuit court confirmed the arbitration award in its Final Judgment. See Circuit Court Final Judgment at pgs. 2-3. Plaintiff seeks to reverse the Circuit Court Final Judgment. See Complaint at pgs. 103-10 (Plaintiff's arguments regarding the Final Judgment); see also id. at pg. 43 ("The [Circuit Court Final] Judgment must be vacated . . . ."). Plaintiff appealed the Circuit Court Final Judgment to the Intermediate Court of

---

[2] The circuit court case docket will be referred to as AOAO of Mokuleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850.

4

Appeals of the State of Hawai`i ("ICA"). See Ass'n of Apartment Owners of Mokuleia Surf v. Barjaktarovic, No. CAAP-23-0000018.[3] In her Complaint, Plaintiff alleges that various judges involved in the ongoing ICA appeal were biased against her and seeks to void interlocutory ICA rulings. See, e.g., Complaint at pgs. 42, 47, 83. The ICA appeal, however, is ongoing: a final judgment has not been issued.[4] See AOAO of Mokuleia Surf v. Barjaktarovic, No. CAAP-23-0000018. Plaintiff further alleges that a judgment in a foreclosure action against her is void and seeks a temporary restraining order stopping the foreclosure of her property. See Complaint at pgs. 11-32, 83. Finally, Plaintiff alleges that the Court is biased against her and asks that the Court be recused from this case.[5] See id. at pgs. 11-12; see also

---

[3] The ICA case docket will be referred to as AOAO of Mokuleia Surf v. Barjaktarovic, No. CAAP-23-0000018.

[4] Public records that a district court can take judicial notice of include "documents filed with courts, 'both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" Bartolotti v. Maui Mem'l Med. Ctr., Civil No. 14-00549 SOM/KSC, 2015 WL 4545818, at *3 (D. Hawai`i July 28, 2015) (quoting United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)).

[5] Plaintiff further alleges that several other judges in this district are biased against her and requests that they be recused. Specifically, she requests that United States District Court Judge Micah W.J. Smith, United States Magistrate Judge Wes Reber Porter, and United States Magistrate Judge Rom A. Trader "be disqualified" from the instant action. See e.g., Recusal Motion at 3; Second Recusal and Injunction Motion at 3.

Recusal Motion at 2-3; Second Recusal and Injunction Motion at 2-3.

CV 24-249 was filed on June 7, 2024. [CV 24-249, Complaint for a Civil Case, filed 6/7/24 (dkt. no. 1) ("CV 24-249 Complaint").] In CV 24-249, Plaintiff appeared to allege, among many other things, that several parties, including the AOAO, the AOAO's property managers and board members, and the AOAO's attorneys colluded with an arbitrator and several state judges to rule against Plaintiff across several interrelated proceedings. See, e.g., CV 24-249 Complaint at pgs. 10-11. Plaintiff further contended that various "watchdog" agencies failed to take action to prevent the foregoing. See id. at pgs. 11, 44.

On June 25, 2024, the Court issued an order that stayed CV 24-249, denied then-pending motions as moot, and dismissed certain defendants ("6/25/24 Order"). [CV 24-249, dkt. no. 15.] The case was administratively closed by an entering order filed on June 27, 2024. [Id., dkt. no. 16.] On June 28, 2024, Plaintiff filed a "Letter to Judge Kobayashi," [id., dkt. no. 17,] which the Court liberally construed as a motion for reconsideration and denied in an entering order filed on July 22, 2024. [Id., dkt. no. 18.] On March 20, 2025, Plaintiff filed her first motion to reopen the stayed proceeding, [id., dkt. no. 19,] and a motion for recusal, [id., dkt. no. 20]. The

6

Court denied both motions in an entering order filed on March 27, 2025. [Id., dkt. no. 21.]

On June 30, 2025, Plaintiff filed the "Emergency Motion to Vacate 2024 Ruling to Close the Case and Remove the State and State Employees from the List of Defendants," and the "Emergency Motion to Reopen the Case, Issue Lis Pendens and TRO Against Foreclosure." [Id., dkt. nos. 22, 23.] The Court liberally construed Plaintiff's "Emergency Motion to Reopen the Case, Issue Lis Pendens and TRO Against Foreclosure" as a second motion to reopen the case ("Second Motion to Reopen"), liberally construed Plaintiff's "Emergency Motion to Vacate 2024 Ruling to Close the Case and Remove the State and State Employees from the List of Defendants" as a second motion for reconsideration of the 6/25/24 Order ("Second Motion for Reconsideration"), and denied both motions in an entering order issued on July 7, 2025 ("7/7/25 EO"). [Id., dkt. no. 24.] The Court directed Plaintiff:

> to notify the Court when Plaintiff's state court appeal is resolved: either 60 days after judgment has been entered in AOAO of Mo[k]uleia Surf v. Barjaktarovic, No. CAAP-23-0000018 if Plaintiff does not file an application for certiorari with the Hawai`i Supreme Court, or within 60 days of the conclusion of a potential Hawai`i Supreme Court appeal.

[Id., 7/7/25 EO at PageID.3320.]

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[6] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[6] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

"[A] complaint that merely repeats pending or previously litigated claims" is subject to dismissal under 28

9

U.S.C. § 1915(e)(2)(B). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and internal quotation marks omitted). "[A] suit is duplicative of another if the claims, parties, and available relief do not significantly differ between the two actions." Spagnolo v. U.S. Soc. Sec. Admin., Civil No. 12-00579 JMS-KSC, 2012 WL 5415370, at *3 (D. Hawai`i Nov. 5, 2012) (citation and internal quotation marks omitted). "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." Id. (citation and internal quotation marks omitted). The district court may exercise its discretion to dismiss a duplicative later-filed action. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted).[7]

To determine whether a claim is duplicative, courts use the test for claim preclusion. Id. at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (some citations omitted) (citing The Haytian Republic, 154 U.S. 118, 124, 14 S. Ct. 992 (1894)).

---

[7] Adams was overruled in part on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). See, e.g., Phillips v. Salt River Police Dep't, 586 F. App'x 381 (9th Cir. 2014).

**DISCUSSION**

The Court finds that Plaintiff's claims here are duplicative of her claims in CV 24-249 and must be dismissed. See Cato, 70 F.3d at 1105 n.2.

Among other similarities, Plaintiff alleges here and in CV 24-249 that:

- the AOAO fraudulently obtained a judgment of $277,311 against Plaintiff; compare Complaint at pg. 40, with CV 24-249 Complaint at pg. 30;

- Judge Keith Hiraoka and Judge Lisa Cataldo should have recused themselves; compare Complaint at pgs. 103-15, with CV 24-249 Complaint at pgs. 30-31;

- the arbitrator and DPR violated the United States Constitution, various laws and rules, and the arbitration agreement; compare Complaint at pgs. 50, 54, 63-64, 101-03, with CV 24-249 Complaint at pgs. 33-36;

- the circuit court and the ICA disregarded the applicable law, were biased, committed fraud, thus depriving Plaintiff's right to due process; compare Complaint at pgs. 42, 47, 83, with CV 24-249 Complaint at pgs. 36-42;

- the AOAO, various defendants, Judge Cataldo, and Judge Hiraoka colluded in arriving at the Circuit Court Final Judgment, and continue to collude during the ICA appeal, compare Complaint at pgs. 63-65, 103-15, with CV 24-249 Complaint at pgs. 42-44; and

- various private and public parties, including the State, did not stop the improper actions of other defendants, compare Complaint at pgs. 143-51, 158-71, with CV 24-249 Complaint at pgs. 44-46.

Further, out of the many defendants Plaintiff names in this action, only four defendants were not directly named in CV 24-249. Compare Complaint at pgs. 4-6, with CV 24-249

11

Complaint at pgs. 1-5. Out of these four, each is related to the underlying assertions included in CV 24-249. For instance, Plaintiff now names PKK and RLS as defendants. [Complaint at pgs. 4-6.] Both entities, however, were consistently referred to throughout CV 24-249. See, e.g., CV 24-249 Complaint at pgs. 13-14 (alleging that Porter Kiakona Kopper, formerly known as Porter McGuire Kiakona, and Roeca Luria Shin engaged in fraud); id. at pg. 42 (describing "Porter McGuire K[ia]kona ('PMK', recently Porter K[ia]kona Kopper)" as a defendant); id. at pgs. 63-65 (listing PKK and RLS among the "players" in the "scam" against Plaintiff). Additionally, Defendants Walker and Guerrero are both attorneys at PKK. [Complaint at pg. 5.]

  Plaintiff also repeats many claims and factual allegations in several of her motions in CV 24-249 and the current Complaint. For instance, on June 30, 2025, Plaintiff filed the Second Motion to Reopen and the Second Motion for Reconsideration. In the Second Motion to Reopen, Plaintiff alerted the Court to further proceedings in a different state court action involving the foreclosure of her property, which included the entry of final judgment for foreclosure in state court, and alleged due process violations. [CV 24-249, Second Motion to Reopen at 4-14.] In the Second Motion for Reconsideration, Plaintiff asked that the Court be recused from the case and requested a temporary restraining order to stop the

foreclosure. [Id., Second Motion for Reconsideration at 7-10.] In the instant case, Plaintiff: repeats her allegations that her due process rights are being violated by the foreclosure proceedings; [Complaint at pgs. 11-32;] requests that the Court intercede to stop the foreclosure proceedings; [Injunction Motion at 8-10;] and requests that the Court be recused for nearly identical reasons as those detailed in the Second Motion for Reconsideration, see Recusal Motion at 2-3; Second Recusal and Injunction Motion at 2-3, 6-7.

  This action is duplicative of Plaintiff's stayed action in CV 24-249. It seeks essentially the same relief against the same Defendants for the same alleged wrongs. "A court facing duplicative actions may: (1) stay the second action; (2) dismiss the second action without prejudice; (3) enjoin the parties from proceeding with the second action; or (4) consolidate the two actions." Spagnolo, 2012 WL 5415370, at *3 (quotation marks and citation omitted). Accordingly, the Court exercises its discretion and dismisses this action without prejudice to the pursuit of the claims that Plaintiff attempted to bring in this action in CV 24-249 once the stay is lifted. For this reason, Plaintiff's Complaint in this action is dismissed, and Plaintiff will not be permitted to file an amended complaint in this action. Nothing in this Order should be construed as preventing Plaintiff from amending the operative

complaint in CV 24-249 once the stay is lifted. The Court makes no findings or conclusions about the merits of the claim that Plaintiff attempted to bring in this action.

## CONCLUSION

On the basis of the foregoing, the Complaint for a Civil Case Regarding Judicial Conspiracy in Denying Civil Rights and Due Process, Fraud, Racketeering, Extortion, Organized Crime under Pretense of Law, filed July 18, 2025, is DISMISSED WITHOUT PREJUDICE to the pursuit of the claims that Plaintiff attempted to assert in this action in CV 24-249. However, Plaintiff is not permitted to file an amended complaint in this action.

Plaintiff is REMINDED that, in CV 24-249, she has been directed to notify the Court when Plaintiff's state court appeal is resolved: either sixty days after judgment has been entered in AOAO of Mokuleia Surf v. Barjaktarovic, No. CAAP-23-0000018 if Plaintiff does not file an application for certiorari with the Hawai`i Supreme Court, or within sixty days of the conclusion of a potential Hawai`i Supreme Court appeal.

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 18, 2025, "Motion to Disqualify Judge Leslie Kobayashi and Others," filed July 23, 2025, "Emergency Motion for Preliminary Injunction per Federal Rule of Civil Procedure 65," filed July 25, 2025, and "Urgent Request to Chief Judge Watson to Disqualify Judge Kobayashi and

to Issue Emergency Stay in Foreclosure Case 1CCV-23-1047," filed August 19, 2025, are DENIED AS MOOT.

The Clerk's Office is DIRECTED to close this case on September 11, 2025.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 27, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MILICA BARJAKTAROVIC VS. STATE OF HAWAII, ET AL; CV 25-00299 LEK-RT; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT; DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING PLAINTIFF'S MOTIONS AS MOOT**

15